UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN,<br>EDWARD ZARAGOZA,<br><br>              Plaintiffs,<br><br>              v.<br><br>WEXFORD HEALTH OF INDIANA, INC.<br>Health Care Provider for the Indiana Department<br>of Correction,<br>NAVEEN RAJOLI Doctor, as a doctor for the<br>Wabash Valley Correctional Facility, being sued<br>in official and individual capacities,<br>DUANE PIERCE Doctor, as a Doctor/Medical<br>Director for Wexford Health of Indiana, being<br>sued in official and individual capacities,<br>KIM HOBSON Health Care Administrator, as the<br>Health Care Administrator for the Wabash Valley<br>Correctional Facility, being sued in official and<br>individual capacities,<br>HEATHER BLASINGAME Unit Manager as the<br>designee deciding grievances for the Wabash<br>Valley Correctional Facility, being sued in official<br>and individual capacities,<br>NIKKI TAFOYA as the Quality Assurance<br>Manager for the Indiana Department of<br>Corrections, being sued in official and individual<br>capacities,<br>WEST-DENNING Doctor, as a doctor for the<br>Wabash Valley Correctional Facility, being sued<br>in official and individual capacities,<br><br>              Defendants. | No. 2:19-cv-00366-JPH-MJD |

**ORDER SCREENING COMPLAINT AND
DIRECTING ISSUANCE AND SERVICE OF PROCESS**

Indiana prison inmates Robert L. Holleman and Edward Zaragoza, both incarcerated at the Wabash Valley Correctional Facility, commenced this 42 U.S.C. § 1983 action on August 6, 2019, suing prison and medical personnel. Dkt. 1. Each plaintiff has paid the filing fee. Dkts. 8 & 9.

## I. Screening Standard

The Court has screened the complaint under its inherent authority and responsibility to do so. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiffs are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Complaint

The plaintiffs bring their suit against (1) Wexford Health of Indiana, Inc.; (2) Dr. Naveen Rajoli; (3) Dr. Duane Pierce; (4) Kim Hobson; (5) Heather Blasingame; (6) Nikki Tafoya; and (7) Dr. West-Denning. They allege that the defendants, singularly and in concert with each other, operated to deny both plaintiffs their medically necessary diets. Mr. Holleman asserts that he requires a gluten-free diet, and Mr. Zaragoza requires a soy-free/renal diet. They also allege that Wexford maintained a policy or custom of denying and/or removing medically necessary diets

2

from inmates at Wabash Valley. Additionally, they allege the prison employee defendants failed to investigate their grievances, intervene in their care, or denied their grievances.

### III. Analysis

In the context of addressing a convicted offender's medical needs, which includes a medically necessary diet, the conditions of the confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc). To show deliberate indifference, "a plaintiff does not need to show that the official intended harm or believed that harm would occur," but "showing mere negligence is not enough." *Id*. at 728. Instead, a plaintiff must "provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Id*.

Applying these standards at the screening stage, the plaintiffs have stated viable claims. The plaintiffs' claims **shall proceed** as pled.

If the plaintiffs believe the Court has overlooked claims and/or defendants in this screening, they shall have through **December 30, 2019**, in which to notify the Court of such claims and/or defendants.

### IV. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants (1) Wexford Health of Indiana, Inc.; (2) Dr. Naveen Rajoli; (3) Dr. Duane Pierce; (4) Kim Hobson; (5) Heather Blasingame; (6) Nikki Tafoya; and (7) Dr. West-Denning in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED**.

Date: 11/27/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Robert L. Holleman
10067
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Edward Zaragoza
983598
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Wexford Health of Indiana, Inc.
9245 North Meridian Street, Suite 111
Indianapolis, IN 46204

Dr. Naveen Rajoli
Medical Provider

6908 S. Old Highway 41
P.O. Box 500
Carlisle, IN 47838

Dr. Duane Pierce
Medical Provider
6908 S. Old Highway 41
P.O. Box 500
Carlisle, IN 47838

Nurse Kim Hopson
Medical Provider
6908 S. Old Highway 41
P.O. Box 500
Carlisle, IN 47838

Dr. West-Denning
Medical Provider
6908 S. Old Highway 41
P.O. Box 500
Carlisle, IN 47838

By electronic service to the Wabash Valley Correctional Facility:
    Heather Blasingame
    Nikki Tafoya