UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN, ) |
| EDWARD ZARAGOZA, ) |
| ) |
| Plaintiffs, ) |
| ) |
| v. ) No. 2:19-cv-00366-JPH-MJD |
| ) |
| WEXFORD HEALTH OF INDIANA, INC., ) |
| et al., ) |
| ) |
| Defendants. ) |

**Order Granting Renewed Motion for Preliminary Injunction**

Robert L. Holleman and Edward Zaragoza are inmates at the Wabash Valley Correctional Facility in Carlisle, Indiana. They brought this 42 U.S.C. § 1983 action against defendants Wexford Health of Indiana, Inc., Dr. Naveen Rajoli, Dr. Duane Pierce, Dr. West-Denning, and Health Care Administrator Kim Hobson (the "Medical Defendants"), and Unit Manager Heather Blasingame and Quality Assurance Manager Nikki Tafoya (the "State Defendants") asserting Eighth Amendment claims of deliberate indifference to their serious medical needs. The plaintiffs contend they each must receive special medically necessary diets and that the defendants have violated their constitutional rights by not prescribing the diets. The medical defendants contend that neither plaintiff has a medical condition warranting special medical diets.

Now pending before the Court is the plaintiffs' renewed motion for a preliminary injunction to require the defendants to provide them with the medical diets they have requested. Dkt. 13. It is not signed by plaintiff Mr. Zaragoza, but only by Mr. Holleman. The medical defendants filed their response in opposition, dkt. 34, and the state defendants filed their separate response in opposition, dkt. 35. The plaintiffs filed a reply signed only by Mr. Holleman. The medical

1

defendants filed a surreply, dkt. 42, which prompted the plaintiffs to file an unauthorized reply and request for sanctions, dkt. 45.[1] This filing prompted the medical defendants to request a telephonic hearing on the plaintiffs' request for a preliminary injunction. Dkt. 46.[2]

On April 29, 2020, the Court conducted a telephonic hearing at which both plaintiffs appeared and presented testimony and argument, and the defendants appeared through counsel and presented argument. Dkt. 52. For the reasons explained below, the plaintiffs' motion for a preliminary injunction, dkt. [13], is **granted**. The matter of sanctions for presenting false or misleading evidence, dkt. 45, remains pending.

**Legal Standard for a Preliminary Injunction**

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id*. Only if the moving party meets these threshold requirements does the court then

---

[1] The subsequent reply, dkt. 45, with its request for sanctions, was an unauthorized filing because the Federal Rules of Civil Procedure and this Court's local rules do not provide for further briefing following a surreply. *See* S.D. Ind. L.R. 7-1.

[2] In multiple plaintiff actions, non-lawyer *pro se* plaintiffs may not represent each other and must speak only for themselves. Mr. Zaragoza explained why he had not signed these documents, and in his arguments and testimony endorsed all of the positions presented. Under these circumstances, the relief granted here may nevertheless be ordered. But both plaintiffs must sign all future filings on their behalf. The failure to do so may result in the Court severing the plaintiffs' claims into separate cases.

proceed to the balancing phase of the analysis. *Id.* In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*. Additionally, the Prison Litigation Reform Act states that a preliminary injunction in a civil rights lawsuit brought by a prisoner "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

**Factual Basis for Preliminary Injunction**

Mr. Holleman contends he suffers from celiac disease, thus necessitating a gluten-free diet. He was on a gluten-free diet for twelve years in the IDOC, but it was recently discontinued because a review of his commissary transactions revealed purchases of consumables containing gluten. The Medical Defendants contend the evidence does not demonstrate that he has celiac disease. They contend that although Mr. Holleman asserts that four IDOC physicians have diagnosed him with celiac disease, the records are not clear whether the physicians conducted tests to confirm Mr. Holleman's assertions. The Medical Defendants concede that Mr. Holleman has at least an allergy or sensitivity to gluten, as shown by lab work, and that he has been given a gluten-free diet in the past.

The Medical Defendants assert that the decision to remove Mr. Holleman from a gluten-free diet was made by Wexford's Regional Medical Director, who is not a defendant in this action, based on an objective review of his medical records and a review of his commissary purchases. They also contend that there is no evidence that Mr. Holleman has suffered any harm from being removed from a gluten-free diet. Mr. Holleman, however, testified that he suffers pain, cramps, and diarrhea from consuming gluten.

Mr. Zaragoza contends that he has chronic kidney disease, and that he was diagnosed with a soy allergy prior to his incarceration. He asserts that he has made numerous complaints to prison medical providers to obtain his outside medical records and place him on a soy-free diet. Mr. Zaragoza contends that the regular prison diet is heavy in soy products and that while he has been placed on a cardiac diet, that diet is not soy-free. He requests a soy-free or renal diet. Mr. Zaragoza testified that without a soy-free diet he breaks out in hives and rashes, itches, has diarrhea, and suffers pain.

During the telephonic hearing, the Medical Defendants reported they have now reviewed a 2010 report from an allergist, Dr. Pinkus Goldberg, made prior to Mr. Zaragoza's incarceration, that was contained in the evidentiary submissions to his response brief. Dkt. 39 at 37-38. Dr. Goldberg's report identified foods and allergens that Mr. Goldberg should avoid, including soybean products. *Id.* Based on this report, the Medical Defendants informed the Court that they can provide Mr. Zaragoza with a soy-free diet.

The Medical Defendants admit that they would not experience any "great hardship" by providing the plaintiffs with their requested special medical diets. They argue that a preliminary injunction is nonetheless not warranted because the plaintiffs have not shown they have a likelihood of success on the merits.

Finally, the Medical Defendants informed the Court that Aramark, a company that contracts with the IDOC to provide meals to inmates, absorbs the cost difference of providing special medical meals instead of the regular prison meals. Aramark is not a defendant in this action. As to the State Defendants, although they joined the medical defendants' opposition to preliminary injunctive relief in the briefing, they took no position during the telephonic conference because there is no injunctive relief being sought from them.

**Analysis**

The first question is whether the plaintiffs will suffer irreparable harm absent a preliminary injunction. *Valencia,* 883 F.3d at 966. The plaintiffs testified that they both experience physical symptoms that cause them pain when they eat foods that do not meet their requested dietary requirements. The Medical Defendants did not dispute this testimony other than to contend the plaintiffs did not report pain at their medical visits. But the medical records show that the plaintiffs repeatedly requested special medical diets for reasons including pain. Suffering pain can qualify as irreparable harm because a post-judgment monetary award does not alleviate the pain being suffered. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682 (7th Cir. 2012); *Hoban v. Wexford Health Sources, Inc.*, 731 F. App'x 530, 532 (7th Cir. 2018). The Court finds that both plaintiffs have established that they will suffer irreparable harm absent a preliminary injunction.

The second question is whether traditional legal remedies would be inadequate. *See Valencia*, 883 F.3d at 966. The plaintiffs have established that the traditional legal remedy of monetary damages would not be adequate because that does not stop the needless suffering of pre-judgment pain.

The third question is whether the plaintiffs have shown some likelihood of succeeding on the merits. *Id.* The plaintiffs are convicted prisoners so their treatment and the conditions of their confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they

receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc). To show deliberate indifference, "a plaintiff does not need to show that the official intended harm or believed that harm would occur," but "showing mere negligence is not enough." *Id.* at 728. Instead, a plaintiff must "provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Id.*

The Court finds the plaintiffs have met their burden of showing some likelihood of success. As to Mr. Zaragoza, his 2010 allergist report shows that he has, among other conditions, a soy allergy. The Medical Defendants conceded this fact at the telephonic hearing and stated they would provide Mr. Zaragoza with a soy-free diet. Mr. Zaragoza claims that he had told medical providers about his condition and asked them to obtain his medical records, but they did not do so. The Medical Defendants did not dispute these assertions. For these reasons, Mr. Zaragoza has established that he has some chance of prevailing on the merits of his claim.

Mr. Holleman has also shown some likelihood of success on the merits. While disputing that Mr. Holleman has celiac disease, the Medical Defendants concede that he has a sensitivity to gluten. Mr. Holleman has presented evidence that an expert physician opines that he likely has celiac disease. Under either scenario – celiac disease or a gluten sensitivity – Mr. Holleman has established that he has some likelihood of success in proving that the failure to provide him a

gluten-free diet, after removing him from that diet he had been on for twelve years, may be a violation of his Eighth Amendment rights.

Both plaintiffs have met the three preliminary factors discussed in *Valencia* for a preliminary injunction. The Court now turns to the balancing phase, where it "weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*. at 966.

The Medical Defendants conceded that they would suffer no harm should the preliminary injunction issue. Any cost increase due to providing the medical specialty meals would be borne by Aramark and both gluten-free and soy-free diets are prepared and served to other inmates. The pain and adverse physical consequences to the plaintiffs of going without their requested special medical diets greatly outweigh any minimally perceivable harm the medical defendants could suffer.

Accordingly, the Court finds that a preliminary injunction shall issue, requiring the medical defendants or someone acting on their behalf to provide plaintiff Robert L. Holleman with a gluten-free diet and plaintiff Edward Zaragoza with a soy-free diet until the conclusion of this action by final judgment. Consistent with *MillerCoors LLC v. Anheuser-Busch Cos., LLC*, 940 F.3d 922, 923 (7th Cir. 2019) (*per curiam*), the preliminary injunction shall be set forth in a separate Order without reference to any other document. *See* Fed. R. Civ. P. 65(d)(1).

As noted above, the renewed motion for a preliminary injunction, dkt. [13], is **granted**. A separate preliminary injunction shall issue.

**SO ORDERED**.

Date: 5/1/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Robert L. Holleman
10067
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Edward Zaragoza
983598
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com

David C. Dickmeyer
Indiana Attorney General
David.Dickmeyer@atg.in.gov

Angela Marie Rinehart
Katz Korin Cunningham, P.C.
arinehart@kkclegal.com