UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN, ) | |
| EDWARD ZARAGOZA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:19-cv-00366-JPH-MJD |
| ) | |
| WEXFORD HEALTH OF INDIANA, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Order Denying Plaintiff Holleman's Motion for Court Order
and Directing Both Plaintiffs to Show Cause**

Plaintiff Robert L. Holleman has informed the Court of his release from the Wabash Valley Correctional Facility to state parole and of his subsequent detention by federal authorities pursuant to a federal hold. Dkt. 99. He is now in the Knox County, Indiana, jail pursuant to the federal hold. *Id.* At the jail he is not allowed to have his legal materials in his cell that concern his seven active federal cases. Instead, jail officials allot him "a few hours at a time" to access those papers. *Id.* Mr. Holleman seeks a court order directing Knox County jail officials to allow him to keep his legal materials in his possession at all times. *Id.* In addition, Mr. Holleman also seeks a court order directing the United States Marshal to transport his legal materials with him when he is moved to a federal facility sometime in the near future. *Id.* Mr. Holleman's request, docketed as a motion, is in effect a motion for injunctive relief.

No Knox County officials are parties to this action. The United States is not a party to this action. For the Court to hold non-parties to an order for injunctive relief, the non-parties must first "receive actual notice of it by personal service or otherwise" and be given an opportunity to be heard as to whether they are "the parties' officers, agents, servants, employees, and attorneys; [or]

1

other persons who are *in active concert or participation* with [them]." Fed. R. Civ. P. 65(d)(2) (emphasis added); *see also Lake Shore Asset Mgmt. Ltd. v. Commodity Futures Trading Com'n.*, 511 F.3d 762, 766–67 (7th Cir. 2007) (applying *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110-11 (1969) (forbidding pre-determining the question of whether an injunction binds a third party under Rule 65(d)(2) without first serving the third party and giving it an opportunity to be heard); *United States v. Kirschenbaum,* 156 F.3d 784, 794–96 (7th Cir. 1998) (same). There is no record of a motion for injunctive relief being served on any Knox County official or the United States. The Court therefore on this basis, and because the Court generally refrains from interfering with jail, prison, and inmate security and management issues, **denies** Mr. Holleman's request to issue orders to Knox County officials and the United States concerning his legal materials requests.

Should Mr. Holleman arrive at his assigned federal correction facility without his legal materials, he may seek an extension of time to gather those materials and meet appropriate deadlines. The Court will assess whether such extension requests should be granted on a case-by-case basis. If Mr. Holleman is unable to preserve his current legal materials, he should contact the clerk to arrange purchasing copies of the Court's case records. Mr. Holleman is not proceeding *in forma pauperis¸* and thus will need to pay the clerk's copying and any applicable administrative fees.

The deadline to complete discovery is presently **February 26, 2021**. The deadline for the filing of dispositive motions is presently **March 26, 2021**.

For the reasons stated above, Mr. Holleman's December 28, 2020, motion for a court order, dkt. [99], is **denied**.

## Order to Show Cause

This action is being prosecuted by two non-lawyer plaintiffs who are no longer housed in the same correctional facility. Obtaining both of their signatures to their pleadings will be exceedingly difficult and will likely only serve to delay this action as it approaches its latter stages. Plaintiffs Robert L. Holleman and Edward Zaragoza shall each, separately, **show cause** no later than **January 29, 2021**, why the Court should not sever this action into two separate actions, one for each current plaintiff, and have each action proceed on its own merits. Any defendant who wishes to be heard on the question of whether the plaintiffs' claims should be severed into separate actions may file a response by **January 29, 2021**.

**SO ORDERED.**

Date: 1/4/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Robert L. Holleman
10067
Knox County Jail
2375 South Old Decker Road
Vincennes, IN  47591

Edward Zaragoza
983598
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN  47838

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com

David C. Dickmeyer
Indiana Attorney General
David.Dickmeyer@atg.in.gov

Angela Marie Rinehart
Katz Korin Cunningham, P.C.
arinehart@kkclegal.com

Archer Riddick Randall Rose
Indiana Attorney General
archer.rose@atg.in.gov